**Raphael R. HAMILTON, Petitioner-Appellant,**

v.

**Joe M. ALLBAUGH, Director, Respondent-Appellee.**

No. 17-5038

United States Court of Appeals, Tenth Circuit.

Filed January 26, 2018

(D.C. No. 4:14-CV-00270-CVE-PJC) (N.D. Oklahoma)

Raphael R. Hamilton, Pro Se

Diane L. Slayton, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent-Appellee

Before PHILLIPS, McKAY, and McHUGH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

Monroe G. McKay, Circuit Judge

Appellant seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition.

Appellant entered a blind plea, which is a plea without an agreement, to First Degree Felony Murder during his trial. A few months later, he filed a motion to withdraw his guilty plea, which was denied. In his § 2254 petition, he raised the claim that his guilty plea was not voluntary and knowing, and was entered in violation of his Fifth and Fourteenth Amendment rights. He asserted that he had difficulty understanding the consequences of a guilty plea and that he was not made fully aware of the State's evidence against him before entering the plea.

The district court denied Appellant's § 2254 petition in a nine-page order, in which the court explained that "[Appellant] fail[ed] to identify how his attorneys' preparations for trial were deficient or explain how he was otherwise pressured into entering a blind plea." (District Ct. Order at 8.) The district court concluded that "[Appellant's] unsupported claim that he entered a blind plea of guilty under pressure is contradicted by the record," which included Appellant's "averment, made under oath, that he was satisfied with his attorney's assistance" and had not been coerced to enter his plea. *Id.* at 7-8; *see Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

After thoroughly reviewing Appellant's brief and the record on appeal, we conclude that reasonable jurists would not debate the correctness of the district court's ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). For substantially the same reasons given by the district court, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.